UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARTER ELLIS<br>10529 Richard Drive<br>Parma, OH 44256 | ) | CASE NO. |
| | ) | |
| | ) | JUDGE |
| | ) | |
| *and* | ) | **PLAINTIFFS' COLLECTIVE** |
| | ) | **ACTION COMPLAINT** |
| MADISON ELLIS | ) | |
| 4825 Grafton Rd. | ) | (Jury Demand Endorse Herein) |
| Brunswick, OH 44212 | ) | |
| | ) | |
| *On behalf of themselves and all others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| CA RESTAURANT GROUP, LLC | ) | |
| *d/b/a* SQUARE 22 RESTAURANT | ) | |
| AND BAR | ) | |
| c/o Statutory Agent 1932 Service Corp. | ) | |
| 1301 E. 9th Street | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| DAN STROEMPLE | ) | |
| 13485 Pearl Rd. | ) | |
| Strongsville, OH 44136 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| MICHAEL CATANZARITE | ) | |
| 13485 Pearl Rd. | ) | |
| Strongsville, OH 44136 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Carter Ellis and Madison Ellis, by and through counsel, for their Collective

Action Complaint against CA Restaurant Group, LLC *d/b/a* Square 22 Restaurant and Bar, Dan

Stroemple and Michael Catanzarite state and allege the following:

## INTRODUCTION

1.      Plaintiffs bring this case to challenge policies and practices of CA Restaurant

Group, LLC *d/b/a* Square 22 Restaurant and Bar, Dan Stroemple, and Michael Catanzarite

(hereinafter collectively, "Defendants") that violated the minimum wage and overtime provisions

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio minimum

wage and overtime compensation statutes, Ohio Rev. Code Ann. § 4111.01 *et seq.*, and Art. II,

Sec. 34a of the Ohio Constitution. Plaintiffs bring this case as an FLSA "collective action"

pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability"

prescribed by the FLSA "may be maintained against any employer … by any one or more

employees for and in behalf of himself or themselves and other employees similarly situated"

(the "FLSA Collective").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiffs' claims under the statutes

and Constitution of the State of Ohio because those claims are so related to the FLSA claims as

to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §

1391(b) because one or more Defendant resides in this district and division and/or all or a

substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Carter Ellis was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6.      At all times relevant, Plaintiff Madison Ellis was a citizen of the United States and a resident of Medina County, Ohio.

7.      Defendant CA Restaurant Group, LLC is an Ohio for-profit limited liability company with its principal place of business in Cuyahoga County, Ohio. Defendant CA Restaurant Group, LLC *does business as* "Square 22 Restaurant and Bar". According to records maintained by the Ohio Secretary of State, Defendant CA Restaurant Group, LLC's (hereinafter "Defendant Square 22") statutory agent for service of process is 1932 Service Corp., 1301 E. 9th Street, Cleveland, OH 44114.

8.      Defendant Dan Stroemple is an owner, managing partner[1], and general manager[2] of Defendant Square 22. Upon information and belief, Defendant Dan Stroemple exercised daily operational control over Defendant Square 22's business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

9.      Defendant Michael Catanzarite is an owner and partner of Defendant Square 22. Upon information and belief, Defendant Michael Catanzarite exercised daily operational control over Defendant Square 22's business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

---

[1] http://www.cleveland.com/entertainment/index.ssf/2016/11/square_22_restaurant-bar_bring.html (accessed May 2, 2018).

[2] https://www.clevescene.com/scene-and-heard/archives/2016/10/07/coming-soon-square-22-a-little-taste-of-tremont-in-strongsville (accessed May 2, 2018).

## FACTUAL ALLEGATIONS

### Defendants' Business

10.     Defendants own and operate Square 22 Restaurant and Bar located in the

Westwood Commons in downtown Strongsville, Ohio.

### Plaintiffs' and the FLSA Collective's Employments with Defendants

11.     Defendants have employed approximately twenty (20) full and part-time tipped

wait staff during the relevant period, including servers, bussers and bartenders ("tipped

employees").

12.     Plaintiff Carter Ellis has been employed by Defendants since about June 2017 to

the present as a tipped employee.

13.     Plaintiff Madison Ellis has been employed by Defendants since about October

2017 to the present as a tipped employee.

14.     At all times relevant, Plaintiffs and the FLSA Collective were employees within

the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et seq.* and Art. II, Sec. 34a of the Ohio

Constitution.

15.     Plaintiffs and the FLSA Collective were classified by Defendants as non-exempt

employees and paid on an hourly basis.

16.     Part of Plaintiff's and the FLSA Collective's job duties as servers included

regularly processing credit card transactions involving out-of-state banks and financial

institutions for Defendants' customers.

17.     At all times relevant, Plaintiffs and the FLSA Collective were employees engaged

in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§

206-207.

4

**Defendants' Statuses as Employers**

18.     At all times relevant, Defendants were employers within the meaning of the

FLSA, 29 U.S.C. § 203(d), Ohio Const. Article II, Section 34a and O.R.C. §§ 4111.01, *et seq.*,

and employed hourly employees, including Plaintiffs and the FLSA Collective.

19.     At all times relevant, Defendants were an enterprise within the meaning of 29

U.S.C. § 203(r).

20.     At all times relevant, Defendants were an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

21.     Defendants operate and control an enterprise engaged in commerce, with annual

gross volume of business exceeding $500,000.00.

22.     Defendant Dan Stroemple is an employer pursuant to 29 U.S.C. § 203(d) in that

he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant

Square 22, "in relation to employees," including Plaintiffs and the FLSA Collective. Defendant

Dan Stroemple is also an employer pursuant to O.R.C. Chapter 4111 and Ohio Const. Article II,

Section 34a, and had operational control over significant aspects of Square 22's day-to-day

functions, including compensation of employees.

23.     Defendant Michael Catanzarite is an employer pursuant to 29 U.S.C. § 203(d) in

that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant

Square 22, "in relation to employees," including Plaintiffs and the FLSA Collective. Defendant

Michael Catanzarite is also an employer pursuant to O.R.C. Chapter 4111 and Ohio Const.

Article II, Section 34a, and had operational control over significant aspects of Square 22's day-

to-day functions, including compensation of employees.

**Defendants' Minimum Wage Violations**

24.     Defendants compensated Plaintiffs and the FLSA Collective as tipped employees during Plaintiffs' and the FLSA Collective's employments; Defendants paid Plaintiffs and the FLSA Collective less than the statutory minimum hourly wage, a sub-minimum wage, and took a "tip credit" against their minimum wage obligations.

25.     The tip-credit provisions of the FLSA allow employers to pay less than the statutory minimum wage provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

26.     The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206. Ohio law provides the following requirements for Ohio's minimum wage tip credit: "[a]n employer may pay an employee less than, but not less than half, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate for all hours worked." Ohio Const. Article II, Section 34a.

27.     Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and for tipped employees was $4.05 per hour *plus tips* totaling at least $8.10 per hour in 2016, $4.08 per hour *plus tips* totaling at least $8.15 per hour in 2017, and is $4.15 per hour *plus tips* totaling at least $8.30 per hour in 2018.

28.     Though Defendants paid Plaintiffs and the FLSA Collective a sub-minimum wage, ostensibly in accordance with the tip-credit provisions of the FLSA, Defendants did not comply with 29 U.S.C. § 203(m)'s and Ohio law's tip credit requirements and were thus

disqualified from taking a tip credit against Plaintiffs' and the FLSA Collective's minimum wages.

*Defendants' Unlawful Tip Pooling/Sharing Practices*

29.     Plaintiffs and the FLSA Collective were required by Defendants to share their tips with managers, owners and/or other customarily non-tipped employees.

30.     Defendants were prohibited from taking a tip credit when they withheld portions of tipped employees' tips and distributed tips to customarily non-tipped employees including managers, owners and/or other non-tipped employees. 29 CFR § 531.59.

31.     Retaining tips to pay wages of other employees who do not customarily and regularly receive tips does not constitute a valid tip sharing or pooling practice under the Department of Labor's regulations and federal and state law. As a result of Defendants' unlawful tip sharing and pooling practices, Defendants were disqualified from taking a tip credit.

32.     As a result of the impermissible tip sharing and pooling policies or practices, Plaintiffs and the FLSA Collective were regularly paid less than the Ohio and federal minimum wage. *See* 29 CFR § 531.54. As a result of Defendants' unlawful tip sharing and pooling policies or practices, Plaintiffs and the FLSA Collective are entitled to receive the non-tipped employee minimum wage plus tips for every hour of work that they performed for Defendants.

*Defendants' Failure to Pay Tipped Minimum Wage*

33.     In addition, Defendants failed to pay Plaintiffs and the FLSA Collective at least the lawful minimum wage tip credit rate for all hours worked. For example, though the Ohio permissible employer-paid pre-tip credit minimum wage was $4.15 per hour in 2018, Defendants paid Plaintiffs and the FLSA Collective only a minimum wage tip credit rate of $4.08 per hour.

34.     As a result of the impermissible minimum wage tip credit rate pay practices, Plaintiffs and the FLSA Collective were paid less than the applicable minimum wage. As a result of Defendants' unlawful minimum wage tip credit rate pay practices or policies, Plaintiffs and the FLSA Collective are entitled to receive the non-tipped employee minimum wage plus tips for every hour of work that they performed for Defendants.

*Defendants' Failure to Provide Tip-Credit Notice*

35.     The FLSA required Defendants to inform their tipped employees of the provisions of the tip-credit subsections of the FLSA and Ohio law. 29 U.S.C. § 203(m)(2), O.R.C. § 4111.14(B) (incorporating FLSA standards).

36.     Defendants were prohibited from taking a tip credit when they failed to inform their tipped employees of the provisions of the tip-credit subsection of the FLSA. 29 U.S.C. § 203(m)(2)

37.     Defendants violated the FLSA by paying their employees subminimum wages without informing them of the tip-credit provisions of the FLSA.

38.     As a result of Defendants' failure to provide tip-credit notice, Defendants were disqualified from taking a tip credit, and Plaintiffs and the FLSA Collective are entitled to receive the non-tipped employees minimum wage plus tips for every hour of work that they performed for Defendants.

*Defendants' Failure to Pay All Hours Worked*

39.     In addition to the above unlawful tip credit payroll practices or policies, while Plaintiffs and the FLSA Collective were paid on an hourly basis, Defendants consistently failed to pay Plaintiffs and the FLSA Collective for all hours worked. 29 U.S.C. §§ 206-207.

40.    Defendants' owners, managers and/or supervisors edited, modified, and/or altered Plaintiffs' and the FLSA Collective's timekeeping records and/or avoided paying Plaintiffs and the FLSA Collective for work time occurring after the scheduled shift ending time in order to improperly reduce the number of hours they actually worked per week to reduce labor costs. *See* 29 C.F.R. § 785.11.

41.    Defendants' editing practices further reduced Plaintiffs' and the FLSA Collective's tipped employees' hourly rates below the applicable minimum wage. As a result, Plaintiffs and the FLSA Collective were not paid minimum wage for many of their hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio Law.

42.    Defendants paid Plaintiffs and the FLSA Collective a sub-minimum wage, ostensibly in accordance with the tip-credit provisions of the FLSA, which allows employers to pay less than the statutory minimum wage provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

## Defendants' Unlawful Taking of Tips

43.    The FLSA provides that "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m).

44.    As a result of the impermissible keeping of tips received by Plaintiffs and the FLSA Collective for any purpose, including allowing managers or supervisors to keep any

portion of Plaintiffs' and the FLSA Collective's tips, regardless of whether or not Defendants took a tip credit, Defendants violated 29 U.S.C. § 203(m).

### Defendants' Overtime Violations

45.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

46.     As a result of Defendants' minimum wage violations, unlawful tip credit practices and failure to pay all hours worked, Defendants paid Plaintiffs and the FLSA Collective a reduced overtime wage when working more than 40 hours in a single workweek as Defendants failed to properly calculate overtime compensation when taking a tip credit when Plaintiffs and the FLSA Collective worked more than 40 hours in a single workweek.

47.     Defendants did not pay overtime compensation to their hourly employees at one and one-half times their "regular rate" of pay. As a result, Plaintiffs and the FLSA Collective were not properly paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio Law.

### Defendants' Failure to Keep Wage Records

48.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a. For example, Ohio law provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

49.     Defendants failed to keep accurate records of hours worked and/or tips received.

Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

50.     The above payroll practices resulted in minimum wage and overtime violations of

the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111; and Ohio Const. Art. II, § 34a.

## COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten

herein.

52.     Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. §

216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and in behalf of

himself or themselves and other employees similarly situated."

53.     The FLSA Collective consists of:

> All present and former hourly tipped employees of Defendants
> during the period of three years preceding the commencement of this
> action to the present.

54.     Such persons are "similarly situated" with respect to Defendants' FLSA violations

in that all were non-exempt employees of Defendants, all were subjected to and injured by

Defendants' unlawful practice of failing to pay minimum wage for all hours worked, and all have

the same claims against Defendants for unpaid minimum wage, as well as for liquidated

damages, attorneys' fees, and costs.

55.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. §

216(b) is proper and necessary so that such persons may be sent a Court-authorized notice

informing them of the pendency of this action and giving them the opportunity to "opt in."

56.      Plaintiffs cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of approximately 20 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

**COUNT ONE**
**(FLSA Minimum Wage Violations)**

57.      Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

58.      The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

59.      Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable Ohio minimum wage. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiffs' and the FLSA Collective's minimum wages as required by federal law. 29 U.S.C. § 206.

60.      Defendants' unlawful conduct directly and proximately caused Plaintiffs and the FLSA Collective to suffer damages for which they are entitled to judgment.

61.      Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' and the FLSA Collective's rights, and entitle Plaintiffs and the FLSA Collective to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Minimum Wage Violations)

62.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

63.     Ohio wage law requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Art. II, Sec. 34a of the Ohio Constitution; O.R.C. Chapter 4111.

64.     Based on the improper practices described herein, Defendants failed to comply with the requirements of Ohio law by paying employees less than the applicable minimum wage rate.

65.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution & O.R.C. Chapter 4111, including refusing and/or failing to calculate and pay Plaintiffs' and the FLSA Collective's minimum wages as required by Ohio law.

66.     Defendants' unlawful conduct directly and proximately caused Plaintiffs and the FLSA Collective to suffer damages for which they are entitled to judgment.

67.     Plaintiffs and the FLSA Collective are entitled to triple damages for Defendants' minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a, Ohio Constitution & O.R.C. Chapter 4111.

## COUNT THREE
### (FLSA Overtime Violations)

68.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

69.     Plaintiffs bring this claim for violation of the FLSA's overtime provisions.

13

70.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

71.     Plaintiffs and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

72.     Defendants did not pay overtime compensation to Plaintiffs and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

73.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

74.     As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles Plaintiffs and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

### COUNT FOUR
**(Ohio Overtime Violations)**

75.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

76.     Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

14

77.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

78.     Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

79.     These violations of Ohio law injured Plaintiffs and the FLSA Collective in that they did not receive wages due to them pursuant to that statute.

80.     Having injured Plaintiffs and the FLSA Collective, Defendants are "liable to [Plaintiffs and the FLSA Collective] for the full amount of the overtime wage rate, less any amount actually paid to the employee … and for costs and reasonable attorney's fees as may be allowed by the court." O.C.R. 4111.10

## COUNT FIVE
### (FLSA Tip Violations)

81.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

82.     Plaintiffs bring this claim for violation of the FLSA's employer tip keeping prohibitions.

83.     As a result of the impermissible keeping of tips received by Plaintiffs and the FLSA Collective for any purpose, including allowing managers or supervisors to keep any portion of Plaintiffs' and the FLSA Collective's tips, Defendants violated 29 U.S.C. § 203(m) and the regulations thereunder that have the force of law.

84.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including keeping the tips of their employees for any purpose by owners, managers, and/or supervisors. 29 U.S.C. §§ 203(m).

15

85.     Defendants' unlawful conduct directly and proximately caused Plaintiffs and the FLSA Collective to suffer damages for which they are entitled to judgment.

86.     Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' and the FLSA Collective's rights, and entitle Plaintiffs and the FLSA Collective to the sum of any tip credit taken by Defendants, all tips unlawfully kept by Defendants, liquidated damages, and $1,100 for each violation of the FLSA's tip keeping prohibitions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Enter judgment against Defendants and in favor of Plaintiffs and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C.     Award compensatory damages to Plaintiffs and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid minimum wages, as well as statutory damages in an amount equal to twice the unpaid minimum wages under Ohio Law;

D.     Award compensatory damages to Plaintiffs and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of the sum of any tip credit taken by Defendants and all tips unlawfully kept by Defendants, in addition to liquidated damages in an equal amount, as well as $1,100 for each violation of 29 U.S.C. 203 § 3(m)(2)(B);

E.     Award compensatory damages to Plaintiffs and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount; and

F.     Award Plaintiffs their costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*

Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

s/ *Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
