UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARTER ELLIS, *et al.*, | ) | Case No. 1:18-cv-01058 |
| Plaintiffs, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| *v.* | ) ) | MAGISTRATE JUDGE |
| CA RESTAURANT GROUP, LLC d/b/a SQUARE 22 RESTAURANT AND BAR, *et al.*, | ) ) ) ) | THOMAS M. PARKER  **JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT** |
| Defendants. | ) ) | |

The parties respectfully and jointly move the Court to enter a final order approving, as fair, reasonable, and adequate, the settlement of this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the settlement of Settlement Class Members' state-law claims pursuant to Fed. R. Civ. P. 23(e). A proposed Final Order and Judgment is attached as Exhibit 1. Settlement Class Administrator Optime Administration's Declaration is attached as Exhibit 2. The parties' Final Amended Individual Payments Allocation Schedule is attached as Exhibit 3.

Points and authorities supporting approval of the settlement were submitted in the parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement (ECF #28) ("Preliminary Approval Motion"), and adopted by the Court in its Order Granting Preliminary Approval of Settlement (ECF #29) ("Preliminary Approval Order"). Today's motion incorporates the earlier submission and supplements its content. At the time of this filing, no Settlement Class Members have asserted an objection to the settlement.

**I.     THE APPLICABLE STANDARDS HAVE BEEN MET**

This settlement covers current and former tipped employees of Square 22 Restaurant and Bar who alleged they should have been paid the applicable full minimum wage as hourly employees and are owed minimum wages, tips, overtime compensation and liquidated damages. The settlement resolves all wage-and-hour claims arising under the FLSA and corresponding provisions of Ohio law.

As to the FLSA claims governed by 29 U.S.C. § 216(b), the parties' Preliminary Approval Motion showed "there is a bona fide dispute between the parties as to the employer's liability under the FLSA" and the proposed settlement "is fair, reasonable, and adequate." *Jackson v. Trubridge, Inc.*, N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D. Ohio Jan. 26, 2017)(quoting *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012)); *Osman v. Grube, Inc.*, N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *2 (N.D. Ohio May 4, 2018) (*cited and discussed in* ECF #28, Preliminary Approval Motion at 8-9). The Court accordingly found in its Preliminary Approval Order that "the proposed Settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b)." (ECF #29, Preliminary Approval Order at ¶ 9.)

As to the state-law claims, the parties' Preliminary Approval Motion made the required showing under Fed. R. Civ. P. 23. Based on that showing, the Court certified the Settlement Class pursuant to Rule 23(a) and (b)(3) (Preliminary Approval Order at ¶ 15) and found that the proposed settlement "qualifies for preliminary approval pursuant to Fed. R. Civ. P. 23(e) on the basis that it is 'fair, reasonable, and adequate'" to the members of that Class (Preliminary Approval Order at ¶¶ 10-16). The Court approved Plaintiffs Carter Ellis and Madison Ellis as

class representatives, appointed Plaintiffs' counsel as class counsel (*id.* at ¶ 15), and approved the Proposed Notice to Opt-Ins and Settlement Class Members and ordered that it be "distributed to the [] Opt-Ins and Settlement Class Members by first-class United States mail to their last-known addresses as shown in Defendants' records" (Preliminary Approval Order at ¶ 17).

Thus, the Court's convening of the Fairness Hearing on May 15, 2019 will complete the notice-and-hearing process prescribed by Rule 23(e). *See* Fed. R. Civ. P. 23(e)(1-2) (current April 30, 2019) (a class settlement may be approved only after notice and hearing, and upon finding that it is "fair, reasonable, and adequate"). *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litigation,* N.D.Ohio No. 1:08-WP-65000 (MDL 2001), 2016 U.S. Dist. LEXIS 130467, at *27-28 (Sep. 23, 2016) (granting final approval of a class settlement under Rule 23(e)).

## II.     THE RESULTS OF THE NOTICE PROCESS FAVOR APPROVAL

The results of the notice process are reported in the attached declaration from Settlement Class Administrator Optime Administration, attached as Exhibit 2 and incorporated by reference herein. Mr. Anthony Gomez is a Principal at Optime Administration, LLC, the firm retained as Settlement Administrator. (Gomez Affidavit [Declaration] ¶ 1.) Mr. Gomez explains that "Optime is the settlement administrator in this case and has been responsible for carrying out the terms of the parties' settlement agreement with respect to distributing and following up on undeliverable or returned notices." (*Id.* at ¶ 2.) Optime has experience in all areas of settlement administration, including providing notice to class members, processing claim forms, and distributing settlement proceeds to class members. (*Id.* at ¶ 1.)

Pursuant to the Settlement Agreement and the Court's Order, Mr. Gomez states that "Optime issued notice to 44 settlement class members in this matter by first-class mail on

February 20, 2019." (*Id.* at ¶ 4.) Mr. Gomez reports "[o]f the 44 class members to whom Optime sent notice and who are eligible to participate in this settlement, no mailing packets were returned as undeliverable… Since the initial mailing, Optime has received 4 requests for exclusion." (*Id.* at ¶ 5-6.)

The fact that no Settlement Class Members have objected to the settlement shows that the affected individuals support the settlement and want it to be approved. As a result of the four (4) received requests for exclusion, the Final Amended Individual Payments Allocation Schedule (Exhibit 3) has been modified to ascertain the actual proceeds of the settlement fund to be distributed to all class members who have not requested exclusion.

In addition, by agreement of the Parties and as provided in the Final Amended Individual Payments Allocation Schedule (Exhibit 3), the distribution to class member Victoria Denis has been adjusted to $8,310.45 ($7,042.76 plus an additional 18%, as with the other class members). Ms. Denis's distribution amount was initially less than her actual damages as a result of incomplete data relied upon in drafting the Motion for Preliminary Approval and attached Allocation Schedule. The additional monies to be disbursed to Victoria Denis will have no effect on the distributions to other class members and opt-ins, service awards, settlement administration costs, attorneys' fees and costs, or any other component of the Settlement Agreement as proposed in the Parties' Motion for Preliminary Approval and initial Individual Payments Allocation Schedule, as Defendants have agreed to increase the overall settlement amount by Ms. Denis's modified damages. In summary, as a result of the payment adjustment to Victoria Denis and the previously anticipated requested exclusion of the four class members (*see* ECF #30, Notice of Filing Class Action Request for Exclusion ("Opt-Out") Forms), the total distribution to Settlement Class Members pursuant to Part IV, Paragraph 2 of the Settlement

Agreement (ECF #28-1 at 2) has increased in the net amount of $4,960.30. The amended Total Gross Settlement Amount, $394,960.30, accounts for the received requests for exclusion and Ms. Denis's increased distribution. (Exhibit 3.) Moreover, "[f]ollowing settlement approval, Optime will also be responsible for distributing the proceeds of the settlement fund to the class members." (A. Gomez Aff. ¶ 2.)

### III. CONCLUSION

For the reasons addressed herein and in the Preliminary Approval Motion, the parties respectfully ask the Court to approve this Settlement and enter the proposed Final Order and Judgment attached as Exhibit 1, which incorporates the Final Amended Individual Payments Allocation Schedule attached as Exhibit 3.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Counsel for Plaintiffs*

*s/ Rina R. Russo  (via email consent)*
Mark S. Fusco (Reg. No. 0040604)
Email: mfusco@walterhav.com
Direct Dial: 216-619-7839
Rina R. Russo (Reg. No. 0087761)
Email: rrusso@walterhav.com
WALTER | HAVERFIELD LLP
The Tower at Erieview

5

          1301 E. Ninth Street, Suite 3500
          Cleveland, Ohio 44114
          Phone: 216-781-1212/Fax: 216-575-0911

          *Attorneys for Defendants CA Restaurant Group, LLC*
          *d/b/a Square 22 Restaurant and Bar ("Square 22"),*
          *Dan Stroemple, and Michael Catanzarite*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

<i>s/ Kevin M. McDermott II</i><br>
Kevin M. McDermott II (0090455)