UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARTER ELLIS, *et al.*, ) | Case No. 1:18-cv-01058 |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| *v.* ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| CA RESTAURANT GROUP, LLC d/b/a SQUARE 22 RESTAURANT AND BAR, *et al.*, ) | **[EXHIBIT 1: PROPOSED] FINAL ORDER AND JUDGMENT** |
| Defendants. ) | |

Plaintiffs Carter Ellis and Madison Ellis and Defendants CA Restaurant Group, LLC d/b/a Square 22 Restaurant and Bar ("Square 22"), Dan Stroemple, and Michael Catanzarite have moved the Court to grant final approval of the proposed class and collective action settlement described in the parties' Settlement Agreement of Class and Collective Action and Release of Claims (ECF #28-1, the "Agreement") and Amended Final Individual Payments Allocation Schedule (ECF #__) and enter final judgment in this action. By prior order (ECF #29, the "Preliminary Approval Order"), the Court certified a proposed Settlement Class pursuant to Fed. R. Civ. P. 23, preliminarily approved the proposed settlement of FLSA claims for opt-in plaintiffs who previously joined the case pursuant to 29 U.S.C. § 216(b) and the proposed settlement of Settlement Class Members' claims pursuant to Fed. R. Civ. P. 23(e), and approved notice to Settlement Class Members. Notice was given to members of the Settlement Class, and a Fairness Hearing was held on May 15, 2019. No Settlement Class Members have objected to the proposed Settlement. Whereupon, the Court grants final approval of the Settlement and enters final judgment as follows:

{02868112 - 1}

1.      Plaintiffs Carter Ellis and Madison Ellis filed a Collective Action Complaint in this Action (ECF #1) on May 7, 2018 against Defendants Square 22, Dan Stroemple, and Michael Catanzarite, and a Motion for Leave to File Instanter First Amended Complaint and Plaintiffs' First Amended Class and Collective Action Complaint adding Fed. R. Civ. P. 23 allegations (ECF ##25, 25-1) on October 2, 2018. Plaintiffs alleged that they and other tipped employees of Defendants should have been paid full minimum wage as hourly employees, correct overtime wages, and certain tips, and are owed minimum wages, tips, liquidated and/or treble damages, overtime compensation, and attorneys' fees and costs. Defendants denied Plaintiffs' claims and asserted affirmative defenses. (*See* Answer to Complaint, ECF #12.)

2.      Plaintiffs' Counsel conducted extensive investigations into the facts before and during the prosecution of the Action. Discovery and investigation included meetings and conferences with the Plaintiffs and Opt-Ins; inspection and analysis of class-wide and collective payroll, wage, time, policy and other documents produced by the Plaintiffs, Defendants and the Department of Labor; analysis of the legal positions taken by Defendants; investigation into the viability of class treatment and collective action treatment; analysis of potential class-wide and collective damages; administration and processing of the collective action; research of the applicable law with respect to the claims and potential defenses thereto; briefing of the motion for leave to file Plaintiffs' First Amended Complaint Instanter; and briefing of joint conditional certification.

3.      On July 12, 2018, the Parties stipulated to Conditional Certification and Notice (ECF #15), seeking conditional certification of FLSA claims pursuant to 29 U.S.C. § 216(b). The Court approved the Parties' stipulation, conditionally certifying the matter, and Plaintiffs

directed Notice to present and former hourly tipped employees of Defendants as directed by the Court. (*See* ECF #16.)

4. Plaintiffs filed a Motion for Leave to File Instanter a First Amended Complaint, and attached First Amended Complaint, on October 2, 2018. (ECF ##25, 25-1.) Plaintiffs' Motion asked the Court to allow Plaintiffs to add Ohio Law, Fed. R. Civ. P. 23 allegations to Plaintiffs' Complaint, including class claims under O.R.C. §§ 4111.01, et seq. and Art. II, Sec. 34a of the Ohio Constitution. The motion was opposed by Defendants and extensively briefed by the parties. (See ECF ##25, 26, 27.)

5. Settlement negotiations were protracted and difficult. A full day mediation with Honorable Magistrate Judge Thomas M. Parker on November 1, 2018 was unsuccessful in achieving a settlement. Subsequent to the mediation, the Parties exchanged due diligence class-wide discovery materials and settlement proposals in an effort to narrow their positions. That effort resulted in a second mediation with the assistance of Magistrate Judge Thomas M. Parker on December 17, 2018, which was also unsuccessful. Subsequent to the second mediation, the Parties exchanged settlement proposals in an effort to narrow their positions, and after prolonged and difficult negotiations the settlement was achieved. The Parties thereafter conferenced with Magistrate Judge Thomas M. Parker to confirm the results of the settlement negotiations and the Settlement of the Action.

6. On January 31, 2019 the parties filed their Joint Motion for Preliminary Approval of Class and Collective Action Settlement. (ECF #28.)

7. The Settlement resolves disputed claims between the parties of two types. First, the Settlement will resolve FLSA claims of the named Plaintiffs and similarly-situated employees who have previously opted into the case pursuant to 29 U.S.C. § 216(b). Second, the

Settlement will resolve state law wage-and-hour claims of the named Plaintiffs and all members of the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(e).

8. The Settlement makes individual settlement payments available to the Plaintiffs, Opt-Ins, and Settlement Class Members representing a substantial percentage of their claimed damages. The proposed method of allocating the settlement amount, as well as the proposed distributions to the Plaintiffs, Opt-Ins, and Settlement Class Members as listed in the Amended Final Individual Payments Allocation Schedule —based upon the difference between each Settlement Class Members' pre-tip credit wage paid and the Ohio statutory applicable minimum wage, plus overtime wages as applicable, during the relevant period in which Settlement Class Members were paid utilizing a tip credit October 12, 2016 – June 1, 2018—is reasonable and fair to all.

9. In its Preliminary Approval Order, the Court found that the proposed Settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and the Settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012); *Jackson v. Trubridge, Inc.*, N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D. Ohio Jan. 26, 2017).

10. As to the proposed Settlement Class, the Court made a two-fold determination.

11. The Court found that the Settlement Class satisfies "the four prerequisites of Rule 23(a)"—numerosity, commonality, typicality, and adequate representation—and "meet[s] at least one of the three requirements listed in Rule 23(b)." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F. 3d 838, 850 (6th Cir. 2013). The Court certified the Settlement Class

pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and approved Plaintiffs Carter Ellis and Madison Ellis as class representatives and appointed Plaintiffs' counsel as class counsel.

12. Notice was given to all members of the Settlement Class, defined as "all present and former hourly tipped employees of CA Restaurant Group, LLC d/b/a Square 22 Restaurant and Bar at any point from October 12, 2016 to June 1, 2018." Plaintiffs' Amended Complaint alleged that Defendants owe additional compensation to those persons pursuant to the Ohio Fair Minimum Wage Amendment, Oh. Const. Art. II, Sec. 34a, and the Ohio wage-and-hour statutes, O.R.C. §§ 4111.01, et seq. (Plaintiffs' First Amended Complaint, ECF #25-1 at ¶¶ 1, 57-64.) All members of the Settlement Class, including Plaintiffs Carter Ellis, Madison Ellis and Opt-Ins, have these claims, and adjudicating them on a classwide basis would "generate common answers that are likely to drive resolution of the lawsuit." *Arlington Video Prods. v. Fifth Third Bancorp,* 515 F.App'x 426, 441 (6th Cir.2013). These common questions predominate "over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

13. Plaintiffs' Counsel have filed a declaration verifying that the approved Notice was distributed to the Settlement Class Members by first-class United States mail to their last-known addresses as shown in Defendants' records, as prescribed in the Court's Preliminary Approval Order.

14. The Court finds that the Notice given to Settlement Class Members was reasonable and the best notice practicable, and satisfied the requirements of Civ. R. 23(e) and due process.

15. A Fairness Hearing was held on May 15, 2019. No Settlement Class Members objected to the proposed Settlement.

16. The Court finds that the proposed settlement of Settlement Class Members' claims is "fair, reasonable, and adequate" to all participants and qualifies for approval pursuant to Fed. R. Civ. P. 23(e) after determining that the class representatives and class counsel have adequately represented the class; the proposed settlement was negotiated at arm's length; the relief provided for the class is adequate; and the proposed settlement treats Settlement Class Members equitably relative to each other. The potential costs, risks, and delay of trial and appeal favor approval, as does the effectiveness of the method of distributing relief to the class, which is based on the actual damages accrued by class members.

17. The Court approves the Settlement and orders that it be implemented according to its terms and conditions and as directed herein.

18. The Court finds that the Total Settlement Amount, as well as the proposed allocations listed in the Amended Final Individual Payments Allocation Schedule attached as Exhibit 3 to the Joint Motion for Final Approval (ECF #__), are fair and reasonable. The Court approves the Amended Final Individual Payments Allocation Schedule and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

19. The Court approves the proposed service awards to Carter Ellis and Madison Ellis, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

20. The terms of the proposed award of attorney's fees, including timing of payment, also favors approval. The Court approves the payment of attorneys' fees and costs and expense reimbursements to Plaintiffs' counsel, and the payment to the class administrator as provided in

the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

21. The Court dismisses this case with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

22. As requested by the Parties in the Settlement Agreement, the Court retains jurisdiction over the action to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

                     IT IS SO ORDERED:

_____
Christopher A. Boyko
United States District Judge